IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **ZELMADITH VALENTIN MERCADO**<br><br>*Plaintiff*<br><br>Vs.<br><br>**JULIO ROLDAN CONCEPCION** as Mayor of the Municipal Government of Aguadilla, in his personal and official capacity, **THE MUNICIPAL GOVERNMENT OF AGUADILLA**, through its Mayor Julio Roldán-Concepción.<br><br>*Defendants* | Civil No. |

## COMPLAINT

**TO THE HONORABLE COURT**:

**COMES** now plaintiff Zelmadith Valentín-Mercado through the undersigned attorney, and respectfully alleges and prays:

### Jurisdiction of this Honorable Court

1.- The jurisdiction of this Court is invoked pursuant to the provisions of Title 28 United States Code, Sections l983; and Pendant Jurisdiction pursuant to 28 U.S.C. 1367 and Sec. 1, 4, 6.

### Type of Proceedings

2.- Plaintiff claim is twofold; first she pray for a mandatory injunction under Federal Rule of Civil Procedure Number 65, ordering the defendants in their official capacity be enjoined from discriminating against plaintiff in violation of the cited

1

Federal Laws and to be reinstated in the position that she held as an employee of the Municipal Government of Aguadilla before she was illegally transferred to the Municipal Cemetery.

4. - It is also a suit for compensatory damages arising from the violation of her federally protected rights since defendants under color of state law deprived plaintiff of her rights, privileges and immunities secured by the United States Constitution and as such defendants in their personal capacity are liable to plaintiff.

5. - The facts hereinafter alleged in this Complaint constitute violations of plaintiff protected rights under the First and Fourteenth Amendments to the Constitution of the United States.

### State Remedies Invoked Under Pendent Jurisdiction

6.- The facts hereinafter alleged in this complaint constitute violations of plaintiff protected rights under Sections l, 4, 6 and 7 of Article II of the Constitution of the Commonwealth of Puerto Rico, Law 382 of 1959, 29 L.P.R.A 136-138, and Article 1536 of the Civil Code of Puerto Rico.

7.- Whether liability be predicated under the Federal Civil Rights Act or under the Constitution and Laws of the Commonwealth of Puerto Rico, all the liability arises from a common nucleus of operative facts.

8.- Plaintiff invoke the pendant jurisdiction of this Honorable Court with respect to all claims under the Constitution and Laws of the Commonwealth of Puerto Rico.

**Claims for Relief**

9.- At all times herein mentioned, and in all matters complained of herein, the defendants, and each of them acted in full knowledge that they were violating the rights of plaintiff as protected under the Constitution and the Laws of the United States.

10. - The transfer, demotion or dismissal of a Municipal Government career employee, if is done without cause and the employee is affiliated to a political party different from the one of the nominating authority a presumption is establish that said transfer, demotion or dismissal was politically motivated.

11.- Plaintiff worked as a career employee of the Municipal Government of Aguadilla with a salary of $1,199.00.

12.- The law with respect to defendants conduct, and the conduct of each and every one of them, was clearly established as illegal and violative of plaintiff rights under the Constitution and Laws of the Commonwealth of Puerto Rico.

13. - The acts of the defendants were done deliberately; knowing that it is unlawful with the bad faith knowledge that they were violating plaintiff federally secured rights.

14.- Plaintiff is entitled under the Laws of the Commonwealth of Puerto Rico to be free from the obligation of mitigation of damages under such circumstances as are herein above set forth.

15.- Plaintiff is entitled to damages for violation of her Constitutional Protected Rights plus damages for her actual losses, for her pain, suffering, anguish

and humiliation. Plaintiff is also entitled to Punitive Damages for defendants extraordinary misconduct, reckless and callous disregard to plaintiff Constitutional Protected Rights and to serve as an example or warning to others not to engage in such conduct.

16.- Pursuant to the provisions of 42 USC, Section 2000 plaintiff, should she prevail on any issues herein, is entitled to reasonable attorneys' fees in this action.

17.- Pursuant to the provisions of Title 32, Rules of Civil Procedures of the Commonwealth of Puerto Rico, App. II, Rule 44.4, plaintiff is also entitled to attorneys' fees for the defendant's obstinacy and pre-judgment interest from the date of the filing of this complaint.

18.- Defendants, and each of them, have been obstinate in fomenting this litigation.

19.- Plaintiff Zelmadith Valentin Mercado is a citizen of the United States of America and of the Commonwealth of Puerto Rico, is of legal age, resident of the City of Aguadilla, Puerto Rico and an active member of the New Progressive Party.

20.- The City of Aguadilla is a political organization which judicial personality that can sue and be sued on its own and its legally represented by mayor Roldán-Concepción.

21.- Defendant Julio Roldán-Concepción is a citizen of the United States of America and the Commonwealth of Puerto Rico, is of legal age and a resident of the City of Aguadilla, Puerto Rico. Defendant Roldán-Concepción is the mayor of the City of Aguadilla and as such the nominating authority of all the Municipal

Government Employees. Defendant Roldán-Concepción is also the President of the Popular Democratic Party in Aguadilla.

22.- The present action is directed to all named defendants, in their official capacity as to the injunctive relief as an equitable remedy pursuant to Rule 65 of the Federal Rules of Civil Procedure and in their personal capacity as individuals as to compensatory damages arising from the violation of plaintiff federally and state rights as alleged in this complaint.

23.- The action of defendant Julio Roldán-Concepción in illegally transferring plaintiff Zelmadith Valentín-Mercado to the municipal cemetery became the official policy of the City of Aguadilla, reason for which the City of Aguadilla is liable to plaintiff.

24. - Plaintiff has no duties or responsibilities to perform at the municipal cemetery; this is of the knowledge of defendant Julio Roldán-Concepción.

## Specific Facts Relevant to this Claim

25.- Plaintiff Zelmadith Valentín-Mercado began to work for the Municipal Government of Aguadilla on April 1999, at the Sports and Recreation Department. In 2003 plaintiff Zelmadith Valentín-Mercado was transferred to the Office of Access to the Integral Service System.

26.- On August 3, 2021, plaintiff, after going through the merit system, was appointed to the Office of the Mayor as Administrative Assistant which is a career position.

27.- During the 2020 elections, plaintiff actively participated on the campaign of the New Progressive Party and its candidates. She was ward Vice-President, delegate of the New Progressive Party, she worked in the Electoral College and was a member of the Finance Committee.

28.- In the elections of 2020, defendant Julio Roldán-Concepción was a candidate for Mayor of Aguadilla for the Popular Democratic Party. In said election mayor Roldán-Concepción defeated the candidate for Mayor of the New Progressive Party.

29.- In January 2021 and after defendant Roldán-Concepción was sworn in as the new Mayor of the City of Aguadilla, plaintiff returned to work to her position in the office of the Mayor and there was told to report to the Office of Tourism, Culture and Public Relations, which she did without any objections.

30.- During the months of August and September 2021, plaintiff participated in several public activities of the New Progressive Party.

31.- On Friday October 1, 2021, she was hand delivered a letter signed defendant by Julio Roldán Concepción transferring her, supposedly for need of service, to the Office of Demographic Records. When she reported to the Demographic Record Office, the administrator didn't know that she had been transferred to that office and she was told that they were going to call the Mayor to seek the reason for said transfer. One or two hours later, she was informed that those were instructions of the Mayor and she agreed to her transfer and began to work for the Demographic Register Office.

32. - In late December 2021, plaintiff had a casual meeting with the Mayor, defendant Julio Roldán-Concepción. Plaintiff told defendant that she had no objection to the transfer that had been given, that if he ever needed her in any other division of the Municipality of Aguadilla, she had no objection to that, the only thing that she will request was never to be transferred to any of the Aguadilla cemeteries because all her life she had a phobia with death and when relatives or friends had died she becomes very ill and emotionally affected. The Mayor told her that someday we all have to die and he continued talking to other employees of the Municipal Government of Aguadilla.

34.- During the year of 2022, plaintiff participated, during her free time, in activities of the New Progressive Party such as ward reorganization, fund raisings and in proselytizer activities.

35.- At the beginning of November 2022, there was a big political meeting of the New Progressive Party which was attended by plaintiff.

36.- On November 15, 2022 plaintiff received a letter transferring her to the Heaven Paradise Municipal Cemetery (Cementerio Municipal Paraiso del Cielo) said letter stated that she was being transferred for need of service and that she was going to be under the supervision of Mrs. Nilda Roldán Díaz who was in charge of the three cemeteries that are in Aguadilla.

37.-Upon receiving the transfer letter to the Municipal Cemetery, plaintiff began to feel very nervous, afraid, got heart palpitations, chest pressure, started shaking and felt her face and throat very warm. She went to see Dr. Nisislay

7

Ramos, who is her primary doctor and has full knowledge of her emotional condition. Doctor Ramos told her to immediately report to the State Insurance Fund, gave her a referral, which she did.

38. Two or three days after she went to see the Mayor to ask him why he had transferred her to the Municipal Cemetery if he knew of the phobia she has with death and as a consequence with a cemetery. In a rude way defendant Roldán-Concepción told her that he doesn't mind that she is a member of the New Progressive Party, but that she is a municipal employee that is being paid by him and she's been actively campaigning against him. Defendant Roldán-Concepción ended the conversation telling plaintiff that it was Yanitza Irizarry, referring to the former mayor of the New Progressive Party, who told him to transfer her to the Municipal Cemetery.

39.-Plaintif phobia of death and cemeteries is well known within the municipal employees.

40.- Plaintiff was under treatment for her emotional condition until June 2023, when she was authorized by the State Insurance Fund to Return to work.

41.- At the Heaven Paradise municipal cemetery she has no responsibilities to perform and she spends the whole day nervous and under the pressure of her phobia, this caused great mental anguish, grief much anxiety, humiliation, pain and distress.

### Absence of Good Faith

42.- The **Branti v. Finkel**, (445 U.S. 507), doctrine was well rooted.

43.- Defendants in this case, nevertheless, under color of state law, decided to defy the Courts, knowing as they know, that they could not transfer plaintiff for the sole reason of her political preferences.

44.- Their acts show defendants did not act in good faith and actual damages and punitive damages should be imposed on defendants jointly and severally.

### First Cause of Action

45.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 44, with the same force and effect as if set forth at length herein.

46.- Defendant Julio Roldán Concepción., transferred plaintiff from the position of Administrative Assistant that she held at the Demographic Record Office of Aguadilla to the Municipal Cemetery for the sole reason of her political preference.

47.- The damages caused to plaintiff by defendant's transfer, in violation of her Federally Protected Rights, constitutes an unlawful employment practice prohibited by Federal Law. Her damages are reasonably estimated in the amount of $1,000,000.00.

### Second Cause of Action

48.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs l to 44-, with the same force and effect

as if set forth at length herein.

49.- The only reason why plaintiff was transferred was the exercise of her right to free association. Plaintiff is a member of the New Progressive Party and political discrimination has been recognized by this Court as a violation of the Rights guaranteed by the Constitution of the United States and the Constitution of Puerto Rico. A violation of a Constitutional Right even for a minimal period of time constitutes an irreparable injury. These damages are reasonable estimated in the amount of $1,000,000.00

### Third Cause of Action

50.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 44, with the same force and effect as if set forth at length herein.

51. - As a result of defendants' actions, plaintiff has suffered great mental anguish, grief, much anxiety, humiliation, pain and distress.

52.-The damages suffered by plaintiff are evaluated in an amount not less than $1,000,000.00 These damages were caused, and will continue to be caused, exclusively by the unconstitutional, illegal, negligent and tortuous acts and omissions of the defendants, rendering any and all of them jointly and severally responsible to the plaintiff for any award granted for her damages.

### Fourth Cause of Action

53.- Now appears plaintiff in this case and repeat, reiterate and reallege each

and every allegation contained in paragraphs 1 to 44, with the same force and effect as if set forth at length herein.

54.- Plaintiff is entitled to a finding that the defendants acted knowingly, intentionally, in bad faith and gross negligence to deprive plaintiff of her federally secured rights and to an award of Punitive Damages in an amount not less than $1,000,000.00.

### Fifth Cause of Action

55.- Now appears plaintiff in this case and repeat, reiterate and reallege each and every allegation contained in paragraphs 1 to 44, with the same force and effect as if set forth at length herein.

56-. Pursuant to Federal Rules of Civil Procedure number 65, plaintiff requests that an Order be issued granting a preliminary and permanent injunction against defendant's in their official capacity prohibiting defendants from discriminating against plaintiff, reinstating her to the position she held before she was illegally transferred to the cemetery of the Municipal Government of Aguadilla and that they be enjoined from discriminating against her in violation of the cited Federal and State Constitutional Laws.

### Trial By Jury

57.- A Trial by Jury is requested in all causes of actions.

**WHEREFORE,** plaintiff respectfully prays from this Honorable Court to:

a.   Assume Jurisdiction of this action;

b.   Enter an Order granting a Preliminary and Permanent Injunction

prohibiting, restraining and enjoining, the defendants in their official capacity, agents, or anyone acting in concert with them or pursuant to their orders; or, their successors in any representative capacity from violating any Constitutional Rights of the plaintiff;

c. Enter an Order granting a Preliminary and Permanent Injunction ordering defendants in their official capacity, and each of them, or their agents and successors to reinstate plaintiff, to the position she held at the Municipal Government of Aguadilla before she was illegally transferred to the Municipal Cemetery .

d. Grant plaintiff damages and punitive damages.

e. Accept its pendent and ancillary jurisdiction over the parties and grant plaintiff all her rights under the Constitution and Laws of the Commonwealth of Puerto Rico;

f. Enter an Order granting plaintiff reasonable attorney's fees, costs and pre-judgment interests;

g. Grant such other and further relief that to this Honorable Court may deem just and proper.

In Aguadilla, Puerto Rico this 4th day of October of 2023.

*S/ Israel Roldán-González*
**ISRAEL ROLDAN-GONZALEZ**
**USDC-PR No. 115602**
**35 Progreso**
**Aguadilla, P.R. 00603**
**Tel. 891-1359**
irg@roldanlawpr.com